.  UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY L. MORRIS,

        Plaintiff,

                                         Case No. 09-11007
v.                                        Honorable Julian Abele Cook, Jr.
                                         Mag. Judge Paul J. Komives
IRON WORKERS' LOCAL NO. 25 PENSION
FUND, PENSION PLAN ADMINISTRATOR,
BOARD OF TRUSTEES,

        Defendants.

## ORDER

The Plaintiff, Gary L. Morris, an inmate who is currently in custody at a Michigan Department of Corrections penal facility, commenced this lawsuit on March 18, 2009 by filing a *pro se* complaint against the Iron Workers' Local No. 25 Pension Fund ("Fund"), the Pension Plan Administrator, and the Board of Trustees (collectively, "the Defendants") for lost benefits and damages pursuant to § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Relying upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants have moved to dismiss the complaint, claiming that Morris has failed to state a claim upon which relief can be granted.

On December 7, 2010, Magistrate Judge Paul J. Komives, to whom the Defendants' dispositive motion was submitted for an evaluation, submitted a report in which he recommended that the Court grant the currently pending motion to dismiss. No objection to the report has been filed by either party as of this date. For the reasons that have been set forth below, the Court will (1) adopt the report of Magistrate Judge Komives and (2) dismiss the complaint.

1

I.

Morris, who prior to his incarceration in July of 1995, was a member of Ironworkers Local 25. As a Fund pensioner, he received a monthly retirement payment while imprisoned. In 2004, the State of Michigan, through its Treasury Department, sued him in the Oakland County (Michigan) Circuit Court under auspices of the State Correctional Facility Reimbursement Act ("SCFRA"). This statute, in essence, authorizes the State of Michigan to seek and obtain a reimbursement of monies from prisoners while they are inmates within the penal system. Mich. Comp. Laws § 800.401 *et seq*. In orders which bore the dates of January 26, 2005 and April 22, 2005, the Oakland County Circuit Court directed Morris to (1) change his address with the Defendants, and (2) advise them to deposit future pension payments into his prison account. Morris was also instructed that if he failed to comply with this directive within a period of one week thereafter, the prison warden would become responsible for the requisite notification notices. These orders covered ninety per cent of Morris' pension benefits and were to be distributed in the following manner: eighty per cent of any assets received from the Fund were to be applied toward $14,838.82 in unpaid child support obligations, and another ten per cent was to be paid to the State of Michigan as a form of reimbursement for the costs of his incarceration. Although Morris protested the implementation of these orders, the Defendants - beginning on June 1, 2005 - placed the pension checks in his prison account.

In *DaimlerChyrsler Corp. v. Cox*, 447 F.3d 967 (6th Cir. 2006), the Sixth Circuit Court of Appeals held that using SCFRA as a mechanism to redirect pension benefit payments to an inmates' prison account as a means of defraying the costs of incarceration violates ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1). As a result, the Defendants stopped depositing Morris' pension checks into his prison account, and eventually reimbursed him for all the amounts that had been

improperly disbursed to the Court.

Morris also sought to obtain relief from his past child support obligations during this period. Pursuant to a valid Qualified Domestic Relations Order (QDRO), which is excepted from the ERISA anti-alienation provisions under 29 U.S.C. § 1056(d)(3), the Defendants now forward $152.25 from each of Morris' pension checks to the Oakland County Friend of Court. He has challenged this redirection of funds, citing the applicable statute of limitations as the basis for his argument. The Oakland County Circuit Court rejected this argument after concluding that the payments made to the Friend of the Court in July and September 2005 served as a waiver of the ten year statute of limitations period, notwithstanding these child support payments were made by Morris against his will.

It is his contention that, but for the Defendants' error in mailing his pension checks to the prison, the statute of limitations would have also lapsed on his child support obligations. Accordingly, through this lawsuit, Morris seeks to have the Defendants reimburse him for those funds that, in his opinion were wrongfully paid to the Oakland County Circuit Court.  He reasons that (1) the initial mailing of his pension benefits to the prison account constituted a breach of fiduciary duty, and (2)  because of this violation  he has been subjected to child support obligations that otherwise would have lapsed under the statute of limitations.

## II.

Fed R. Civ. P. 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief [in order to] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47  (1957) and Fed. R. Civ. P. 8(a)(2)). While

this pleading standard does not mandate "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. Therefore, a plaintiff must offer more than "an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Generally, when considering a motion to dismiss, a court must construe the complaint in a light that is most favorable to the plaintiff, whose factual allegations must be accepted as true. A court must also draw all reasonable factual inferences in his favor. *Tipton v. Corr. Med. Services, Inc.,* No. 08-421, 2009 WL 2135226 (W.D. Mich. July 15, 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Claims are capable of surviving a Rule 12(b)(6) motion only if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level . . . on the assumption that all [of] the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555.

As emphasized by *Iqbal*, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is "plausible" on its face:

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

Therefore, in evaluating the Defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the Court is guided by the standard that was formulated under *Iqbal*.

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings. On the other hand, if the court considers matters outside the pleadings, the court must convert them into an application for a summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir.2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Nevertheless, Fed. R Civ. P. 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Thus, the Court may consider the exhibits attached to Morris' complaint in deciding whether it states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in resolving Rule 12(b) motion, court may review "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim").

### III.

As a threshold matter, Magistrate Judge Komives properly noted that the Morris' lawsuit should be analyzed under 29 U.S.C. § 1132(a)(3) as opposed to §1132(a)(1)(B). Here, Morris does not seek damages under the terms of his pension benefits plan (which would be governed by § 1132(a)(1)(B)). Instead, he claims an entitlement to relief on the basis of an alleged breach of a fiduciary duty by the Defendants. This legal position falls within the ambit of § 1132(a)(3) which is applicable to a civil action by a beneficiary - such as Morris "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan . . . ." Inasmuch as the Supreme Court has authorized lawsuits by plan beneficiaries for breach of fiduciary duty, *Varity Corp. v. Howe,* 516 U.S. 489, 509-15 (1996), the Court will analyze Morris' claim through the framework of § 1132(a)(3).

In his recommendation to this Court, the Magistrate Judge suggests that this lawsuit should be dismissed because, n essence, Morris' claim is barred by the statute of limitations. Further, it is the conclusion of Magistrate Judge Komives that Morris' lawsuit is deficient on the merits. The Court agrees with both of these proffered arguments and will dismiss the complaint on both bases.

First, subject to an exception that is inapplicable here, 29 U.S.C. § 1113 of ERISA provides that a breach of fiduciary duty claim must be brought within the earlier of either "(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; . . . ." Here, as Magistrate Judge Komives correctly noted, there is no dispute that Morris had actual knowledge of the alleged fiduciary breach – i.e., the misappropriation of his pension benefits – even before the date when his claim accrued and when the funds were redirected. *See generally,* Complaint at 2-3 (acknowledging that "[o]n May 15, 2005 [Morris] submitted a second letter to Defendant, again, asking that the assignment [of pension benefits to the prison account] not be changed without [his] prior consent."). Accordingly, a three year limitations period applies to Morris' claim. This judicial determination means that his March 2009 complaint was untimely in light of the lapse of the statute of limitations period in September of 2008. Furthermore, his claim was not saved by the QDRO payments that were made to the Oakland County Friend of the Court in November of 2007 under a different standard under ERISA. Because Morris' action for a breach of a fiduciary duty under § 1132(a)(3) was commenced beyond the limitations period, his complaint must be, and is, dismissed.

Even if Morris had filed his complaint in a timely manner, the Defendants would still be

6

entitled to a dismissal on the merits of the claims. By its terms, § 1132(a)(3) allows only lawsuits that are designed to (a) "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan," or (b) "obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Inasmuch as this provision contemplates the pursuit of equitable relief, the Court cannot accept Morris' attempt to use this § 1132(a)(3) as a tool for seeking monies for the funds that he believes were wrongly directed to the Oakland County Circuit Court. *See generally, Ramsey v. Formica Corp.,* 398 F.3d 421, 425 (6th Cir. 2005) (§ 1132(a)(3) "does not provide a cause of action for legal actions for monetary damages disguised as suits in equity.").

The Court also agrees with Magistrate Judge Komives who opined that, to the extent this is an attempt by Morris to raise a claim based on funds paid pursuant to the QDRO, it fails as a matter of law according to 29 U.S.C. § 1056. *See generally,* 29 U.S.C. § 1056(d)(3)(A) (despite admonition in § 1056(d)(1) that benefits provided under ERISA plan may not be assigned or alienated, "paragraph (1) shall not apply if the [challenged order] is determined to be a qualified domestic relations order."); *See also Blue v. UAL Corp.,* 160 F.3d 383, 385 (7th Cir. 1998) ("ERISA does not require, or even permit, a pension fund to look beneath the surface of the order. Compliance with a QDRO is obligatory.").

### IV.

For the reasons that have been stated above and based on its review of the official record in this case, the Court will, and does, (1) adopt the recommendation of Magistrate Judge Komives in its entirety, and (2) grant the Defendants' request to dismiss the complaint.

IT IS SO ORDERED.

Dated: <u>March 31, 2011</u>         <u>s/Julian Abele Cook, Jr.</u>
      Detroit, Michigan         JULIAN ABELE COOK, JR.
                                                       U.S. District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31,  2011.

                                                              <u>s/ Kay Doaks</u>
                                                               Case Manager